KATHRYN B. ZIGMONT, RESPONDENT, v. BOARD OF
TRUSTEES, TEACHERS' PENSION AND ANNUITY
FUND, APPELLANT.

Argued November 9, 1982—Decided January 5, 1983.

*James J. Ciancia,* Assistant Attorney General, argued the cause for appellant (*Irwin I. Kimmelman,* Attorney General of New Jersey, attorney; *Sharon M. Joyce,* Deputy Attorney General, on the brief).

*Richard A. Friedman* argued the cause for respondent (*Ruhlman and Butrym,* attorneys).

PER CURIAM.

Petitioner, Kathryn B. Zigmont, sought to purchase pension retirement credit for a period of time during which she was on an approved maternity leave of absence without pay. The Board of Trustees of the Teachers' Pension and Annuity Fund (TPAF) rejected her request. The Appellate Division reversed the determination of the board. We granted the petition for certification of the Attorney General on behalf of TPAF and now reverse and remand.

The essential facts in this controversy are amply set forth in the opinion of the Appellate Division, which is reported at 182 *N.J.Super.* 50. Mrs. Zigmont was continuously employed as a school teacher by the Union County Regional High School District from 1966 until her retirement. She was a member of the Teachers' Pension and Annuity Fund since 1965. With official approval, Mrs. Zigmont left on a maternity leave of absence on January 1, 1975 and returned to service September 1, 1976. At the end of June 1979, nearly three years after her return to service, Mrs. Zigmont requested permission to purchase pension credit for the leave.

In December of 1974, just prior to taking her maternity leave, Mrs. Zigmont inquired of the school district payroll clerk whether she could purchase the pension credit attributable to such a leave of absence. The payroll clerk, who apparently had assumed responsibilities for the school district relating to the Teachers Pension and Annuity Fund, gave Mrs. Zigmont erroneous information by advising her that such credit could not be purchased.

In April 1979, approximately two and one-half years after her return to active teaching, Mrs. Zigmont learned at a teachers' meeting that pension service credit for time absent due to maternity leave could be purchased for pension credit. She was so informed by the speaker at the meeting who was a representative of the Division of Pensions. After the meeting, Mrs. Zigmont discussed her situation with the speaker, who suggested

that she file an application to purchase pension credit. Mrs. Zigmont completed her request at the end of June 1979. The Division of Pensions denied Mrs. Zigmont's request on July 10, 1979 for failure to make it within one year after her return to active employment (which would have been September 1, 1977) and reiterated the denial on October 26, 1979. The board of trustees of TPAF affirmed the denial but, nevertheless, granted Mrs. Zigmont an administrative hearing.

Mrs. Zigmont was the sole witness at the hearing (the payroll clerk was deceased), and she testified to the foregoing facts. She also was permitted to introduce a letter from the school district's secretary, who wrote that he had personally witnessed the payroll clerk say that maternity leave could not be bought back for pension credit, and he "sheepishly admit[ted]" that until Mrs. Zigmont raised the issue, he thought the payroll clerk was correct. As noted in the decision of the Appellate Division, the Administrative Law Judge recommended that Mrs. Zigmont's request to purchase pension credit should be denied and the board of trustees of TPAF affirmed their initial decision to deny Mrs. Zigmont's request to purchase pension credit.

In reversing the board's determination, the Appellate Division found that the one-year period contained in *N.J.S.A.* 18A:66–8 within which a member must purchase pension credit for an authorized leave of absence without pay is "one which lies within the power of the Board to relax in appropriate circumstances where there are overriding considerations of equity." *Id.* at 55, 57.

The particular statutory provision that governs Mrs. Zigmont's entitlement in this case, *N.J.S.A.* 18A:66–8, presents interpretive difficulties. In pertinent part, it states that

"In computing service, time during which such teacher was absent on an official leave without pay shall be credited if such absence was for a period of * * * up to a maximum of 2 years if the leave was due to the member's personal * * * maternity and the period of leave is allowed for retirement purposes within 1 year following [her] return to service after the termination of such leave * * *."

This statute was amended to its present form in 1971, *L.*1971, *c.* 121, § 3. It has an identical counterpart in the Public Employees Retirement System. *N.J.S.A.* 43:15A–39; *L.*1966, *c.* 217 § 7. We agree with the Appellate Division that this provision is not clearly expressed. We entertain reservations, however, that the ambiguities identified by that court relate to the time period of the statute. The ambiguities chronicled by the Appellate Division focus as much on the nature of the applications and approvals required by the statutory scheme as upon the one-year period within which entitlement to credit must be effectuated. Nevertheless, the point, to say the least, is highly debatable. Further, it is difficult to gainsay the policy arguments marshalled by the court below to support a determination that the Legislature intended to allow relaxation or waiver under appropriate circumstances. We would add to these reasons another one of great importance—that the public pension systems are bound up in the public interest and provide public employees significant rights which are deserving of conscientious protection. See *Uricoli v. Police & Fire Retirement Sys.*, 91 *N.J.* 62 (1982); *Eyers v. Public Employees Retirement Sys.*, 91 *N.J.* 51 (1982). In *Carlsen v. Masters, Mates & Pilots Pension Plan Trust*, 80 *N.J.* 334 (1979), we recognized with respect to a private pension system that fiduciary obligations upon trustees impose a duty to communicate timely and accurate information to employee beneficiaries concerning their pension rights and benefits.

There is no need to delve more deeply into this question. The Attorney General does not contest the position that the one-year limitation of *N.J.S.A.* 18A:66–8 is subject to relaxation or waiver under these circumstances. Absent a contrary legislative intent or statutory language that inescapably dictates the opposite conclusion, we perceive no sound reason for not accepting this position for purposes of this appeal. ·

We nonetheless disagree with the Appellate Division's final disposition. The entitlement to such waiver or relaxation should not be determined by a court based upon its application of general "considerations of equity." Rather, such a question

implicates uniquely administrative concerns and therefore invokes administrative responsibility. See *Dougherty v. Human Serv. Dep't.,* 91 *N.J.* 1 (1982). This decision is one which must rest in the sound discretion of the board of trustees of TPAF.

It is not clear that the board of trustees exercised such discretion in this case. We therefore deem it appropriate that this matter be remanded to the board to ascertain whether petitioner is entitled to a waiver of the one-year period of limitations in seeking to purchase maternity leave credit under *N.J.S.A.* 18A:66–8. In making this determination, the board should consider the fiscal effect upon the fund and the relative financial consequences to the fund and to the petitioner, as well as the practices that prevail in other school districts and the effect of any decision upon other members of TPAF. In the final analysis, these factors properly are to be assessed by the board itself. *Dougherty.* In this particular case, because no standards governing extensions under *N.J.S.A.* 18A:66–8 have previously been considered or applied, the board may give weight to the equitable factors considered relevant by the Appellate Division. See 182 *N.J.Super.* at 57. In addition, and aside from the determination reached by the board in this case, it is entirely appropriate for the Division of Pensions to promulgate rules and regulations of general applicability providing standards for waiver or relaxation to govern such cases in the future. See *Texter v. Human Serv. Dep't.,* 88 *N.J.* 376 (1982).

Accordingly, the judgment below is reversed and the matter remanded for proceedings consistent with this opinion. Jurisdiction is not retained. No costs.

*For reversal and remandment*—Chief Justice WILENTZ and Justices CLIFFORD, SCHREIBER, HANDLER, POLLOCK and O'HERN—6.

*For affirmance*—None.