BARNES, J.,
for the Court:
¶ 1. On July 30, 1996, Thomas Calvin Peterson (Calvin) was appointed by an Alabama probate court as guardian and conservator of his mother, Cornelia Barnett Peterson, who was suffering under a disability due to drug addiction. Cornelia, a long-time employee of the State of Mississippi, had recently retired due to her disability, and Calvin submitted an application on her behalf to the Public Employees’ Retirement System (PERS) for disability retirement benefits, naming himself as beneficiary. Under the “Option 4-A” plan that Calvin selected, Cornelia was to receive a reduced benefit during her lifetime, and he was to receive 50% of the benefits upon Cornelia’s death. She began receiving benefits in 1997. In 1999, the Alabama court removed any guardianship or conservatorship over Cornelia, and a few months later, she requested that her beneficiary designation be changed to another son. PERS, citing statutory restrictions, denied this request. Cornelia died in 2002, and Calvin began receiving benefits.
¶ 2. Cornelia’s estate (the Estate) filed a complaint and subsequent motions of summary judgment against PERS and Calvin, claiming that Calvin was guilty of “fraudulent and unauthorized misconduct,” and PERS should have honored Cornelia’s request to change her beneficiary. The Hinds County Circuit Court granted the motion against Calvin, finding that he was “disqualified ab initio” as a beneficiary. The circuit judge’s order remanded the *556 issue to the chancery court that was handling the estate probate proceedings for a determination of who should be designated the beneficiary of Cornelia’s benefits under Mississippi Code Annotated section 25-11-117.1 (Rev.2006).
¶ 3. However, in a second order, the circuit court denied the Estate’s motion for summary judgment against PERS, citing the statutory language prohibiting the change of beneficiary designation after the member has received benefits. PERS, therefore, ceased all benefit payments claiming that Calvin’s designation as the beneficiary was void. Appealing the denial of summary judgment in favor of PERS, the Estate claims that the circuit court’s holdings were inconsistent and that the circuit court erred by failing to state in the later judgment that payments were to continue to other designated beneficiaries.
¶ 4. We find that the Estate’s argument has merit, and we reverse the judgment of the circuit court and remand this case for further proceedings consistent with this opinion.
STATEMENT OF FACTS AND PROCEDURAL HISTORY
¶ 5. Cornelia was a youth-services counselor with the Mississippi Department of Human Services. However, on April 15, 1996, she left her employment due to her addictions to drugs and alcohol. Later that year, Calvin filed a petition to be appointed as Cornelia’s guardian and conservator in the Probate Court of Sumter County, Alabama. His petition was granted on July 30,1996.
¶ 6. On August 26, 1997, Calvin applied to PERS for Cornelia’s disability retirement benefits on her behalf. He named himself as Cornelia’s sole beneficiary and selected “Option 4-A.” This option, under Mississippi Code Annotated section 25-11-115(1) (Rev.2006), provides that upon the death of the member, one-half of the retirement benefits shall continue to be paid to the person designated as the beneficiary. The retired member receives a reduced retirement benefit during his or her life so that the beneficiary may receive benefits after the member’s death. Copies of the Alabama order granting Calvin’s petition for conservatorship and guardianship accompanied the application to PERS.
¶ 7. On September 18, 1997, Calvin completed a second application for benefits, again naming himself beneficiary, but this time he selected “Option 2.”[1] At this time, PERS received certified copies of the Alabama order and letters granting conserva-torship and guardianship. For reasons unknown to this Court, neither of the two previous applications were approved. On October 10, 1997, Calvin completed a third application for his mother, and like the first application, Calvin named himself as beneficiary and selected “Option 4-A.” The third application for benefits was approved by PERS on October 16, 1997. Cornelia was sent a notice letter, informing her that no changes to the selection of the option could be made, and she received her first disability benefit check on December 1, 1997.
¶ 8. In 1998, Cornelia, who was then living in Union County, Mississippi, filed a petition with the Probate Court of Sumter County, Alabama, to have Calvin removed as conservator. An order removing Calvin as conservator and guardian was entered on July 10,1998; subsequently, on October *557 22, 1998, Cornelia was awarded a judgment of $28,504.20. A successor guardian was appointed, who was later discharged on August 9,1999.
¶ 9. On March 21, 2000, Cornelia sent PERS a letter, requesting that Calvin be removed as her designated beneficiary and her other son, Jason Andrew Peterson, be substituted as the beneficiary. However, PERS responded that under Mississippi Code Annotated section 25-11-115(2) (Rev. 2006), Cornelia was not permitted to make any changes to her option after she had begun receiving benefits.
¶ 10. Cornelia died on February 21, 2002. The Estate filed a complaint with the Hinds County Chancery Court on February 18, 2004, against PERS and Calvin. This complaint subsequently was transferred to the Hinds County Circuit Court on June 14, 2004.
¶ 11. The Estate filed a motion for summary judgment on May 15, 2008, asserting that Calvin did not have proper legal authority to execute the PERS applications for benefits and that PERS was unjustly enriching Calvin “for his fraudulent acts.” In its subsequent reply to support its motion for summary judgment, the Estate requested that the application for benefits be reformed “to remove Thomas Calvin Peterson as sole beneficiary and to honor Cornelia Barnett Peterson’s intention to name her son Jason Andrew Peterson as beneficiary.” In its response to the motion, PERS maintained that it had no choice but to adhere to section 25-11-115(2) and deny Cornelia’s request to change her beneficiary. PERS also claimed that it was required to give full faith and credit to the Alabama order of conservatorship.
¶ 12. At the motion hearing on September 8, 2008, all parties stipulated that there were no genuine issues of material fact. On September 30, 2008, PERS notified Calvin that it was suspending any future benefit payments until the pending litigation was resolved.
¶ 13. On January 22, 2009, the circuit court granted the Estate’s motion for summary judgment against Calvin, finding Calvin had failed to register his Alabama letters of guardianship and conservator-ship in Mississippi; he had failed to obtain court approval to elect himself beneficiary of his mother; and he “was guilty of self-dealing.” Therefore, the circuit court declared Calvin “disqualified ab initio as a beneficiary” and awarded the Estate a judgment of $56,399.97, which was the amount “illegally received by [Calvin] from the Public Employees’ Retirement System of Mississippi through September 3, 2008, as beneficiary under the account of Cornelia B. Peterson, deceased.” It also awarded the Estate interest until the judgment is paid in full.
¶ 14. Yet, on March 6, 2009, the circuit court entered an order denying the Estate’s motion of summary judgment against PERS. In its findings of facts, the circuit court concluded that although the circumstances of the case were “unfortunate,” the decision by PERS to prohibit any changes to Cornelia’s designation of beneficiary was “consistent with [the] statute,” and there was “no legal basis for recovery against PERS[.]” The order did not address the issue of any future benefit payments.
¶ 15. The Estate filed a motion for a new trial, which the circuit court denied on July 10, 2009, finding it was inapplicable to summary judgments. On August 6, 2009, the Estate filed a notice of appeal of the circuit court’s order denying its motion for summary judgment against PERS.[2] It *558 claims that the circuit court erred in its March 6, 2009 order by not directing PERS to make future benefit payments as directed by the Newton County Chancery Court. Calvin is not participating in this appeal.
¶ 16. Upon review, we find that the circuit court’s March 6, 2009 order did not properly address the payment of future benefits as contemplated in its January 22, 2009 order. Accordingly, we reverse the circuit court’s judgment and remand this case for instructions that future benefit payments are to continue to the appropriate beneficiaryfies) as determined under section 25-11-117.1.
DISCUSSION
¶ 17. This Court applies a de novo review of a circuit court’s grant or denial of a motion of summary judgment. Charlot v. Henry, 45 So.3d 1237, 1246 (¶ 31) (Miss.Ct.App.2010) (citing Hudson v. Courtesy Motors, Inc., 794 So.2d 999, 1002 (¶ 7) (Miss.2001)).
¶ 18. On appeal, the Estate contends the circuit court’s two rulings pertaining to its motion for summary judgment were inconsistent. In the circuit court’s findings of fact, on January 22, 2009, for the granting of summary judgment against Calvin, it stated:
Right and equity demand that Calvin not be justly enriched. This Court, therefore, finds that Calvin Peterson is disqualified ab initio as a beneficiary of Cornelia’s disability retirement benefits. Therefore, actions of self-dealing are void. Accordingly, those benefits should be distributed pursuant to Mississippi] Code Annotated section] 25-11-117.1. Cornelia’s estate remains open, and the matter of who is eligible to receive the benefits under [section] 25-11-117.1, consistent with this Court’s ruling, should be referred to that court for resolution, in the matter of In re Cornelia Peterson, deceased, Cause No.2002-NO110 in the Chancery Court of Newton County, Mississippi.
PERS is hereby forthwith enjoined from making any additional payments to [Calvin.]
(Emphasis added). Section 25-11-117.1 states in pertinent part:
(1) Except as otherwise provided in subsection (2) of this section, where benefits are payable to a designated beneficiary or beneficiaries under this article and the designated beneficiary or beneficiaries as provided by the member on the most recent form filed with the system is deceased or otherwise disqualified at the time such benefits become payable, the following persons, in descending order of precedence, shall be eligible to receive such benefits:
(b) The children of the member or retiree or their descendants, per stirpes [.]
(Emphasis added). Thus, the circuit judge’s January 22, 2009 order disqualified Calvin from receiving any future payments; and citing section 25-11-117.1(l)(b), the judge requested that the Newton County Chancery Court, which *559 has jurisdiction over Cornelia’s estate, determine the beneficiary(ies) of Cornelia’s retirement benefits.
¶ 19. However, in the circuit court’s March 6, 2009 order denying summary judgment against PERS, it did not address the issue of designation of future benefit payments. Thus, the Estate argues on appeal that the March 6, 2009 order should be reversed for clarification that future benefit payments are to continue and “paid to the appropriate beneficiaries as determined by the [cjhancery [cjourt, and PERS should recover from [Calvin] for payments erroneously made by PERS to him.”
¶ 20. PERS’s interpretation of the circuit court’s judgments is that Calvin’s election as a beneficiary is completely void; therefore, the application “must be viewed as one in which no beneficiary was selected.” Further, PERS claims that no additional benefits are payable since Cornelia’s retirement benefit payments have exceeded her total contributions. See Miss.Code Ann. § 25 — 11—115(1).[3] PERS also contends that section 25-11-117.1 cannot apply since the statute reads that the designated beneficiary must be disqualified when benefits become payable.
¶ 21. We must disagree with PERS’s reasoning. The circuit court did not conclude that the PERS application, which designated “Option 4-A,” was invalid. Rather, the circuit court merely found Calvin, as fiduciary, “disqualified ab initio” as a beneficiary. Further, Cornelia did not attempt to designate another option; in fact, she reaffirmed “Option 4-A” and sought to have another son designated as the beneficiary. Moreover, PERS has failed to address the fact that Cornelia received a reduced benefit during her life based on the “Option 4-A” selection. If PERS views the application as one in which no beneficiary was selected, then Cornelia was compensated inadequately in the payment of her disability benefits during her life.
¶ 22. Also, we find that the circuit court’s order did not render Cornelia’s beneficiary designation void. While the use of the term “ab initio” means that his disqualification was “[f|rom the beginning” of the application’s approval, we do not find the designation as a beneficiary is to be regarded as never having occurred.[4] This signifies that Calvin is considered to be disqualified when the benefits became payable to Cornelia. Furthermore, at the hearing on the motions, the Estate had expressed its concern that PERS would take the position that “no further payments are owed.” The circuit judge responded: “[I]t’s certainly the intent that— that PERS make these payments.” Therefore, PERS was aware that the circuit judge intended for benefit payments to continue to whomever was designated as beneficiary by the chancery court. PERS does not appeal the circuit court’s findings from its January 22, 2009 order.
¶ 23. Admittedly, we agree with the circuit court that PERS’s denial of Cornelia’s request to change beneficiaries was consistent with section 25-11-115(2). Further, nothing in the record shows that PERS was aware that Calvin was acting in a fraudulent manner. However, “public pension systems are bound up in the public interest and provide public employees significant rights which are deserving of conscientious protection.” Zigmont v. Bd. of *560 Trustees, Teachers’ Pension and Annuity Fund, 91 N.J. 580, 453 A.2d 1333, 1334 (1983). In this unique situation, we agree with the circuit court’s determination in the January 22, 2009 order that it “must resort to its equity powers,” and the benefits should be distributed to Cornelia’s remaining eligible children as outlined in section 25-11-117.1.
¶ 24. Section 25-11-115(2) prohibits a change in beneficiary after the retired member receives his first payment because PERS bases the amount of benefits on the actuarial computation of the life of the retired member and, depending on which option the member chose, the life of the designated beneficiary. As PERS noted in its letter to Cornelia, denying her request to change her beneficiary: “In the case of Option 4-A, the actuarial equivalent is based not only on your age and life expectancy at the time of your retirement, but on the age and life expectancy of the beneficiary named on the retirement application.” This Court understands that to allow any changes to the beneficiary after benefits have been calculated and disbursement has commenced would create an administrative nightmare for PERS.
¶ 25. But although Calvin’s fraudulent behavior as Cornelia’s fiduciary “disqualified” him from future benefits, we find no reason why the benefit payments based upon Calvin’s lifetime may not continue to be paid to the beneficiary(ies) designated by the chancery court under section 25-11-117.1. This is similar to a granting of a life estate per autre vie, “an estate for or during the life of another!.]” 28 Am.Jur.2d. Estates § 60 (2011). Once Calvin is deceased, all benefit payments will terminate, and PERS will have only disbursed the same amount of benefits calculated at the time of the original application. The only difference is that Calvin will not benefit from his wrongdoing.
¶ 26. Accordingly, we reverse the March 6, 2009 judgment based on the omission of any instructions regarding future benefit payments, and we remand this case to the circuit court for proceedings consistent with this opinion.
¶ 27. THE JUDGMENT OF THE CIRCUIT COURT OF HINDS COUNTY IS REVERSED, AND THIS CASE IS REMANDED FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION. ALL COSTS OF THE APPEAL ARE ASSESSED TO THE AP-PELLEE.
LEE, C.J., IRVING AND GRIFFIS, P.JJ., ISHEE, ROBERTS, MAXWELL AND RUSSELL, JJ., CONCUR. CARLTON AND FAIR, JJ., NOT PARTICIPATING.

. Option 2 provides:
Upon the retired member’s death, his or her reduced retirement allowance shall be continued throughout the life of, and paid to, such person as the member has nominated by written designation duly acknowledged and filed with the board of trustees at the time of his or her retirement[.]

. Although the Estate sent a notice of appeal to the Hinds County Circuit Clerk on August *558 5, 2009, with a request for estimated costs, it was not originally acknowledged or recorded. A second and third request were sent on September 4, 2009, and October 26, 2009, respectively. Those were also not acknowledged. A fourth notice of appeal was received by the circuit clerk on February 3, 2010, along with a motion requesting that the notice of appeal be deemed timely filed. The circuit court sustained the motion, allowing the appeal to proceed, and the original notice of appeal, stamped with the August 6, 2009 date, was entered into the record.

. Cornelia’s total contribution to PERS is $36,381.92. The benefits disbursed to Calvin through September 3, 2008, totaled $56,399.97.

. See Black’s Law Dictionary 5 (8th ed. 2004).