**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2345-17T4

JUSTINE BRANHAM,

     Petitioner-Appellant,

v.

BOARD OF TRUSTEES,
POLICE AND FIREMEN'S
RETIREMENT SYSTEM,

     Respondent-Respondent.

_____

Argued February 13, 2019 - Decided March 21, 2019

Before Judges Accurso and Vernoia.

On appeal from the Board of Trustees of the Police and Firemen's Retirement System, Department of Treasury, PFRS No. 3-10-051654.

Michael P. DeRose argued the cause for appellant (Crivelli & Barbati, LLC, attorneys; Michael P. DeRose, on the briefs).

Stephanie Kozic, Deputy Attorney General, argued the cause for respondent (Gurbir S. Grewal, Attorney General, attorney; Melissa H. Raksa, Assistant

Attorney General, of counsel; Stephanie Kozic, on the brief).

PER CURIAM

Justine Branham appeals from a final decision of the Board of Trustees of the Police and Firemen's Retirement System, denying her application for accidental disability retirement benefits. The Board determined Branham was not injured during and as a result of her regular or assigned duties. See N.J.S.A. 43:16A-7(1). Because we find this case indistinguishable from Mattia v. Board of Trustees, Police & Firemen's Retirement System, 455 N.J. Super. 217 (App. Div. 2018), we affirm.

The essential facts are undisputed. As the Administrative Law Judge explained in his statement of the case, Branham, an eighteen-year veteran of the Newark Police Department, "became disabled when she slipped and fell on the stairs to work, just before her shift began." The Board determined Branham was totally and permanently disabled as a direct result of the fall and physically or mentally incapacitated from the performance of her usual duties. The Board also determined the incident was identifiable as to time and place, was undesigned and unexpected, caused by an external circumstance, not the result of a pre-existing disease and not the result of willful negligence.

Notwithstanding those findings, the Board denied Branham's application for accidental disability retirement benefits because "the event did not occur during and as a result of [her] regular or assigned duties" and instead awarded her ordinary disability retirement benefits. Branham appealed, and the matter was transferred to the Office of Administrative Law (OAL) for a hearing as a contested case.

In the OAL, Branham testified that although her shift was from 8:00 a.m. to 4:00 p.m., she was required to report for work in full uniform by 7:45 a.m. and could be assigned to respond to a service call while en route from her home to the precinct. She did not receive such a call on her way to work on the morning of the accident, and although she left home early, snow slowed her commute. Branham testified she drove her car through the gate, parked in the lot reserved for employees and was walking up the stairs to the precinct when she slipped and fell on ice a minute or so after 8:00 a.m. Because she was in uniform and prepared to respond to a service call as required, Branham asserted she was already on duty when she fell on the stairs "but had simply not been assigned anything yet."

Based on that testimony, the ALJ found "when Branham left her home between 7:20 a.m. and 7:30 a.m." on the day of the accident, "she was already

on duty, awaiting assignment." He concluded Branham "became disabled doing what she was expected to do." Finding Branham was "engaged in an activity preparatory but essential to [her regular or assigned] duty," the ALJ concluded "Branham was injured 'during and as a result of the performance of her regular or assigned duties' and is entitled to accidental disability benefits."

The Board disagreed. It rejected the ALJ's factual finding that Branham was "already on duty, awaiting assignment" when she left her home on the day of the accident. The Board noted Branham was not required to report for work before 7:45 a.m. in advance of her 8:00 a.m. shift. It found that "Branham might be available for assignment as needed on her drive to work . . . does not alter her normal shift start time nor . . . place her on duty during her commute every day." Although adopting the remainder of the ALJ's factual findings, the Board rejected the ALJ's legal conclusion that Branham was engaged in her regular or assigned duties when she was injured, concluding it was without support in the record.

Specifically, the Board found Branham "was still commuting when she slipped and fell in the parking lot because she had not yet begun her formal workday." It concluded that simply because Branham "was in her uniform and could be given an assignment does not mean that she was performing a function

connected to her work at the time of her injury. . . . Branham was simply walking up the stairs to enter the . . . precinct."

Branham appeals, arguing the Board's rejection of the ALJ's factual findings and legal conclusions was "arbitrary, capricious and inconsistent with the governing law," and specifically Kasper v. Board of Trustees of the Teachers' Pension and Annuity Fund, 164 N.J. 564 (2000). We disagree.

Our role in reviewing the decision of an administrative agency is limited. In re Carter, 191 N.J. 474, 482 (2007). We accord a strong presumption of reasonableness to an agency's exercise of its statutorily delegated responsibility, City of Newark v. Nat. Res. Council, 82 N.J. 530, 539 (1980), and defer to its fact finding, Utley v. Bd. of Review, 194 N.J. 534, 551 (2008). We will not upset the determination of an administrative agency absent a showing that it was arbitrary, capricious, or unreasonable; that it lacked fair support in the evidence; or that it violated legislative policies. In re Musick, 143 N.J. 206, 216 (1996) (citing Campbell v. Dep't of Civil Serv., 39 N.J. 556, 562 (1963)).

Our public pension systems are "bound up in the public interest and provide public employees significant rights which are deserving of conscientious protection." Zigmont v. Bd. of Trs., Teachers' Pension & Annuity Fund, 91 N.J. 580, 583 (1983). Because pension statutes are remedial in

5

character, they are liberally construed and administered in favor of the persons intended to be benefited thereby. Klumb v. Bd. of Educ. of Manalapan-Englishtown Reg'l High Sch. Dist., 199 N.J. 14, 34 (2009).

In order to qualify for ordinary disability retirement benefits, a member must satisfy the requirements of N.J.S.A. 43:16A-6(1), which provide that the member must be mentally or physically incapacitated for the performance of usual duty and of any other duty the member's department would assign and that such incapacity is likely to be permanent. To be eligible for the enhanced benefit of an accidental disability pension, the member must further show that the member is "permanently and totally disabled as a direct result of a traumatic event occurring during and as a result of the performance of his regular or assigned duties and that such disability was not the result of the member's willful negligence." N.J.S.A. 43:16A-7(1).

As we recently explained in Mattia,

> to qualify for accidental disability retirement benefits, an employee cannot merely be coming to, or going from work. Rather, the employee "must be engaged in his or her employment duties on property owned or controlled by the employer." In sum, in order to qualify for accidental disability benefits, employees must satisfy the statutory criteria that they were on the work premises and performing a function causally connected to their work.

6

[455 N.J. Super. at 223 (quoting Kasper, 164 N.J. at 581) (citations omitted).]

Like the corrections officer in Mattia who fell in the parking lot on his way into work, Branham does not qualify for accidental disability retirement benefits because she was still on her commute and had yet to report to her desk sergeant to receive the day's assignments. See id. at 219. She was thus not performing any function connected to her work assignment when she was injured ascending the steps to the precinct on her way into work. Kasper is distinguishable because the petitioner in that case was on the school grounds to carry out an assignment from her principal requiring her presence before the start of the workday. See Kasper, 164 N.J. at 570-71.

As the Board's decision is supported by the evidence in the record and in accordance with controlling law, there is no basis for us to alter the Board's conclusion denying Branham's application for accidental disability retirement benefits. See In re Young, 202 N.J. 50, 70-71 (2010).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-2345-17T4