NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1004-22

JERALD LEE,

     Petitioner-Appellant,

v.

BOARD OF TRUSTEES,
POLICE AND FIREMAN'S
RETIREMENT SYSTEM
OF NEW JERSEY,

     Respondent-Respondent.

_____

Submitted June 5, 2024 – Decided December 27, 2024

Before Judges Gummer and Walcott-Henderson.

On appeal from the Board of Trustees of the Police and Fireman's Retirement System, Department of the Treasury, PFRS No. xx9938.

Thomas P. Vitolo, attorney for appellant.

Nels J. Lauritzen, Deputy Director of Legal Affairs, attorney for respondent (Juliana C. DeAngelis, Legal Counsel, on the brief).

The opinion of the court was delivered by

WALCOTT-HENDERSON, J.S.C. (temporarily assigned)

Plaintiff Jerald Lee appeals from a final agency decision of the Board of Trustees, Police and Fireman's Retirement System of New Jersey (the Board), denying his application for deferred retirement benefits because he was terminated for cause. Lee contends the criminal offense for which he was convicted did not warrant forfeiture of his pension and the Board's decision denying his application for deferred retirement benefits was arbitrary and unreasonable. Discerning no error in the Board's determination, we affirm.

I.

Lee was a police officer for the Plainfield Police Department (PPD) from 2000 to 2015. In April 2012, a former coworker asked Lee to "look up" the license plate of a vehicle that had allegedly been following the coworker. Lee accessed the Criminal Justice Information System/New Jersey Motor Vehicle Registration Database to obtain the requested information and informed the coworker the license plate inquiry had come back as "unidentified."

The license plate belonged to an undercover Drug Enforcement Agency agent who had been surveilling a suspected drug dealer, and the agent was immediately alerted when Lee conducted the search.

2

On June 8, 2015, the PPD served Lee with a Preliminary Notice of Disciplinary Action charging him with violating PPD's Rules and Regulations 6.1.1(a), N.J.A.C. 4A:2-2.3(a)(12), and committing the second-degree offense, computer criminal activity, N.J.S.A. 2C:20-25(c). Lee's alleged commission of the criminal offense was referred to the Union County Prosecutor's Office. The PPD suspended Lee without pay pending disposition of the criminal matter.

On June 29, 2017, Lee applied for ordinary disability retirement benefits. He listed kidney disease, osteomyelitis, an amputated toe, and a fractured wrist as disabilities on the application. On September 18, 2017, the Division of Pensions and Benefits informed Lee that he was ineligible for ordinary disability retirement benefits because he did not leave employment as a result of a disability. Lee appealed and the Board denied his appeal.

On September 11, 2017, Lee pleaded guilty to one count of petty disorderly conduct, N.J.S.A. 2C:33-2(a)(2), and consented to the entry of a Forfeiture of Public Employment Order (Forfeiture Order) that read as follows:

> Defendant . . . Lee . . . having entered a guilty plea to one count of petty disorderly person's Disorderly Conduct, contrary to N.J.S.A. 2C:33-2[(a)](2); and [d]efendant's criminal conduct related to, involved and touched upon his position as a police officer, contrary to N.J.S.A. 2C:51-2(a)(2) and [d]efendant having consented to the entry of this Order . . . It is . . . ordered that, pursuant to N.J.S.A. 2C:51-2(a)(2), the defendant

3

shall forfeit any and all public employment in the State of New Jersey and shall forever be disqualified from holding any office or position of honor, trust or profit in the State of New Jersey or any of its administrative or political subdivisions.

Following his plea, on September 12, 2017, the PPD served Lee with a Final Notice of Disciplinary Action and removed him from employment, effective immediately. By that time, Lee had not yet reached the age of fifty-five, the age at which he would have become eligible for a regular-retirement.

In June 2018, Lee submitted an application for deferred retirement with an effective retirement date of January 1, 2024. On March 11, 2019, the Board denied Lee's application based on its finding that "because Mr. Lee was removed from his position for disorderly conduct directly related to his employment, he no longer qualifies for a deferred retirement due to removal for cause . . . ." Lee appealed from the Board's determination.

The matter was transmitted to the Office of Administrative Law as a contested case. Thereafter, the Board filed a motion for summary decision, and Lee filed his reply.

On August 29, 2022, the Administrative Law Judge (ALJ) heard the motion and issued an initial decision granting the Board's motion for summary decision. The ALJ determined "a plain reading of N.J.S.A. 43:16-A-11.2 bars

4

[Lee] from receiving deferred retirement benefits." Additionally, the ALJ deemed Lee's arguments pertaining to his underlying criminal charge, the Forfeiture Order to which he consented, and the Board's denial of his ordinary disability retirement benefits, as "misplaced and unpersuasive" because "those issues are beyond the jurisdiction of this tribunal."

The ALJ rejected Lee's argument the Board had erred in not conducting an analysis pursuant to Uricoli v. Board of Trustees, Police and Firemen's Retirement System, 91 N.J. 62 (1982). In Uricoli, the Board denied a former police officer's application for accidental disability retirement benefits after he was convicted of malfeasance in office and therefore did not meet the prerequisite of honorable service for a pension. Id. at 65. Our Supreme Court held, under the prior statutory law, that the applicable pension laws did not support forfeiture of all of Uricoli's pension benefits and that partial forfeiture was to be measured from the date of his misconduct. Id. at 79. The Court also set forth an eleven-factor balancing test courts must consider in determining the reasonableness of pension forfeiture. Id. at 78.

The eleven Uricoli factors, which were later codified in N.J.S.A. 43:1-3(c), are:

> (1) the employee's length of service; (2) the basis for retirement, i.e., age, service, disability, etc.; (3) the extent to

which the employee's pension has vested; (4) the duties of the particular employment; (5) the employee's public employment history and record; (6) the employee's other public employment and service; (7) the nature of the misconduct or crime, including the gravity or substantiality of the offense, whether it was a single or multiple offense and whether it was continuing or isolated; (8) the relationship between the misconduct and the employee's public duties; (9) the quality of moral turpitude or the degree of guilt and culpability, including the employee's motives and reasons, personal gain, and the like; (10) the availability and adequacy of other penal sanctions; and (11) other personal circumstances relating to the employee bearing upon the justness of forfeiture.

[Uricoli, 91 N.J. at 78.]

The ALJ rejected Lee's argument that Uricoli applies here, finding "the factors in Uricoli apply 'only to those claims for benefits where the specific pension statute is silent respecting the effect of a conviction for a crime relating to the applicant's public office.'" The ALJ therefore reasoned that Uricoli had no application to a determination of Lee's claimed entitlement to deferred retirement benefits under N.J.S.A. 43:16A-11.2 because that statute "explicitly disqualifies police officers removed 'for cause for charges of misconduct or delinquency' from receiving deferred retirement benefits." N.J.S.A. 43:16A-11.2.

A-1004-22

On October 18, 2022, the Board issued its final agency decision adopting the ALJ's initial findings and recommendation in their entirety. This appeal followed.

On appeal, Lee raises the following points for our consideration:

POINT I

N.J.S.A. 43:1-3 [AND] N.J.S.A. 43:1-3.1 SET FORTH THE PROCEDURE TO FOLLOW WHEN AN AGENCY EVALUATES A PENSION APPLICATION. THE STATUTE IDENTIFIES ENUMERATED OFFENSES FOR WHICH FORFEITURE IS AUTOMATIC. LEE'S OFFENSE WAS NOT ONE OF THE ENUMERATED OFFENSES IDENTIFIED. THEREFORE, FORFEITURE WAS NOT AUTOMATIC. THE BOARD FAILED TO APPLY THE URICOLI FACTORS TO THE [sic] LEE'S DEFERRED PENSION APPLICATION.

POINT II

THIS COURT SHOULD NOT DEFER TO THE AGENCY'S DECISION WHEN THAT DECISION IS ARBITRARY AND UNREASONABLE AND CONTRARY TO A FAIR STATUTORY INTERPRETATION. THE DECISION TO AUTOMATICALLY FORFEIT LEE'S FULL PENSION WAS IN CONTRAVENTION OF THE LAW.

Our scope of review in an appeal from the final decision of an administrative agency is limited. In re N.J. Dep't of Env't Prot. Conditional Highlands Applicability Determination, 433 N.J. Super. 223, 235 (App. Div. 2013) (citing Circus Liquors, Inc. v. Governing Body of Middletown Twp., 199

7

A-1004-22

N.J. 1, 9 (2009)).  An agency's decisions will be reversed if we find the decision to be "arbitrary, capricious, or unreasonable, or [] not supported by substantial credible evidence in the record as a whole."  In re Stallworth, 208 N.J. 182, 194 (2011) (citing Henry v. Rahway State Prison, 81 N.J. 571, 579 (1980)).  Further, the party challenging the validity of the decision bears the burden of proving that it was "arbitrary, unreasonable or capricious."  Boyle v. Riti, 175 N.J. Super. 158, 166 (App. Div. 1980).

To determine whether a decision is arbitrary, capricious or unreasonable, we weigh whether the agency has followed the law, whether the record contains substantial evidence to support the findings on which the agency based its action, and whether the agency reached a conclusion that could not have reasonably been made on a showing of the relevant factors.  In re Stallworth, 208 N.J. at 194 (citing In re Carter, 191 N.J. 474, 482-83 (2007)).

On questions of law, our review is de novo.  Ibid. (quoting Russo v. Bd. of Trs., Police & Firemen's Ret. Sys., 206 N.J. 14, 27 (2011)).  We are "in no way bound by the agency's interpretation of a statute or its determination of a strictly legal issue."  Mayflower Sec. Co. v. Bureau of Sec., 64 N.J. 85, 93 (1973).  However, we accept the factual findings of an agency as long as they are supported by substantial credible evidence, and we may not substitute our

judgment for that of the agency.  Greenwood v. State Police Training Ctr., 127 N.J. 500, 513 (1992).

We generally give deference "to the interpretation of statutory language by the agency charged with the expertise and responsibility to administer the scheme . . . 'unless the interpretation is "plainly unreasonable."'"  Acoli v. N.J. State Parole Bd., 224 N.J. 213, 229-30 (2016) (first quoting In re Election Law Enf't Comm'n Advisory Op. No. 01-2008, 201 N.J. 254, 262 (2010); and then quoting Reilly v. Mid-Atl. Ins. Co. of N.J., 194 N.J. 474, 485 (2008)).  "If there is any fair argument in support of the course taken [by the agency] or any reasonable ground for [a] difference of opinion among intelligent and conscientious officials, the decision" should not be disturbed.  Lisowski v. Borough of Avalon, 442 N.J. Super. 304, 330 (App. Div. 2015) (alteration in original) (quoting City of Newark v. Nat. Res. Council in Dep't of Env't Prot., 82 N.J. 530, 539 (1980)).

Further, when reviewing pension disputes like the deferred retirement benefits at issue here, we recognize that "the public pension systems are bound up in the public interest and provide public employees significant rights which are deserving of conscientious protection."  Zigmont v. Bd. of Trs., 91 N.J. 580, 583 (1983).  "[P]ension statutes are 'remedial in character' and 'should be

liberally construed and administered in favor of the persons intended to be benefited thereby.'" Klumb v. Bd. of Educ. of Manalapan-Englishtown Reg'l High Sch. Dist., Monmouth Cty., 199 N.J. 14, 34, (2009) (quoting Geller v. N.J. Dep't of Treasury, Div. of Pensions & Annuity Fund, 53 N.J. 591, 597-98 (1969)). They must also "be liberally construed in favor of public employees . . . [because] they constitute deferred compensation earned by the employee during his [or her] years of service." Widdis, P.E., L.S. v. Pub. Emp. Ret. Sys., 238 N.J. Super. 70, 78 (App. Div. 1990) (third alteration added). However, while "an employee is entitled to [such] liberality . . . when eligible for benefits, . . . eligibility is not to be liberally permitted." Smith v. State, Dep't of Treasury, Div. of Pensions & Benefits, 390 N.J. Super. 209, 213 (App. Div. 2007).

The Police and Firemen's Retirement System of New Jersey provides for deferred retirement benefits pursuant to N.J.S.A. 43:16A-11.2. However, under the statute, an individual is not eligible for the benefits if he or she is removed from employment for cause or charges of misconduct or delinquency. In relevant part, the statute states:

> Should a member, after having established 10 years of creditable service, be separated voluntarily or involuntarily from the service, before reaching age 55, and not by removal for cause on charges of misconduct or delinquency, such person may elect to receive . . . a deferred retirement allowance, beginning on the first month following his

10

attainment of age 55 and the filing of an application therefor
. . . .

[N.J.S.A. 43:16A-11.2.]

Lee argues the ALJ failed to apply the factors set forth in the Uricoli balancing test.  See Uricoli, 91 N.J. at 77-78.  Additionally, he argues the ALJ's decision was arbitrary and unreasonable because his criminal charge should not have resulted in the forfeiture of his public pension benefits under N.J.S.A. 43:16A-11.2.

The Board argues there is no genuine dispute of material fact.  It asserts that Lee was removed from service for cause and, thus, N.J.S.A. 43:16A-11.2 renders him ineligible for deferred retirement benefits.

It is well-settled that the factors in Uricoli are applicable only when automatic forfeiture is not provided for by statute.  Uricoli, 91 N.J. at 74 n.4. (finding Uricoli was "ineligible to obtain" deferred retirement benefits under N.J.S.A. 43:16A-11.2 because N.J.S.A. 43:16A-11.2 contains an "express provision" disqualifying employees who had been removed for cause on charges of misconduct or delinquency).  Thus, the multi-factor balancing test of Uricoli is simply inapplicable here because, as noted, N.J.S.A. 43:16A-11.2 explicitly states that when an employee is dismissed for cause or charges of misconduct or delinquency, as Lee was here, the employee may not elect to receive deferred

A-1004-22

retirement benefits.

We are unpersuaded by Lee's argument the ALJ's determination was arbitrary, capricious, and unreasonable because "looking up one license plate during an otherwise unblemished [fifteen-]year career" does not "rise to the level of disqualifying misconduct to satisfy N.J.S.A. 43:16A-11.2." An agency's decision is not arbitrary or capricious when the agency has followed the law and where there is substantial evidence to support the findings on which the agency based its action. In re Stallworth, 208 N.J. at 194.

N.J.S.A. 43:16A-11.2 renders ineligible for deferred retirement benefits an employee who is removed "for cause on charges of misconduct or delinquency." The plain language of this statute leaves no room for discretion by the Board — any member removed as a public employee for cause or due to misconduct or delinquency is ineligible to receive deferred retirement benefits as a matter of law. See DiProspero v. Penn, 183 N.J. 477, 492 (2005) ("We ascribe to the statutory words their ordinary meaning and significance."). Lee has therefore not carried his burden of proving that the Board's decision — denying his application for deferred retirement benefits because he was terminated for cause as the result of his commission of a disorderly persons offense while employed

as a police officer — was arbitrary, unreasonable or capricious.  <u>Boyle</u>, 175 N.J. Super. at 166.

Accordingly, the undisputed facts coupled with a reading of N.J.S.A. 43:16A-11.2's plain language, required the Board's rejection of Lee's application for deferred retirement benefits.  And, the Board's decision is entitled to substantial deference.  <u>Acoli</u>, 224 N.J. at 229-30.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-1004-22