**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2116-23

GEORGE LEWIS,

     Petitioner-Appellant,

v.

BOARD OF TRUSTEES,
TEACHERS' PENSION AND
ANNUITY FUND,

     Respondent-Respondent.

_____

Submitted March 20, 2025 – Decided April 9, 2025

Before Judges Mawla and Walcott-Henderson.

On appeal from the Board of Trustees of the Teachers' Pension and Annuity Fund, Department of the Treasury, TPAF No. xx1832.

Freireich, LLC, attorney for appellant (Jay J. Freireich, on the briefs).

Matthew J. Platkin, Attorney General, attorney for respondent (Payal Y. Ved, Deputy Attorney General, on the brief).

PER CURIAM

Petitioner George Lewis appeals from a March 8, 2024 final administrative determination by respondent, Board of Trustees (Board) of the Teachers' Pension and Annuity Fund (TPAF), affirming its determination his retirement was non-bona fide and ordering him to repay pension benefits he received since July 1, 2020. We affirm.

I.

The relevant facts are undisputed. Petitioner enrolled in the TPAF in November 2000 when he began full-time employment as a teacher with the Plainfield School District (Plainfield). After working for approximately twenty years, he retired from his teaching position. Plainfield certified petitioner had resigned from employment effective June 30, 2020. On September 1, 2020, petitioner accepted a part-time substitute teaching position in Plainfield through an agency not affiliated with the State.

On September 3, 2020, the Board approved petitioner's application for a service retirement effective July 1, 2020, memorialized it in a letter of the same date. The Board advised petitioner he had until thirty days after: (a) the effective date of his retirement; or (b) the date his retirement was approved by the Board; whichever was later, to make any changes. The letter also advised

that there could be post-retirement employment restrictions and notification requirements.

Petitioner worked for the next two years as a part-time substitute teacher in Plainfield while collecting full retirement benefits. On November 29, 2022, Plainfield notified the Division of Pension and Benefits (Division) they had hired petitioner as a full-time teacher as of September 1, 2022. The Division confirmed petitioner had returned to Plainfield as a part-time substitute teacher on September 1, 2020, and had received wages from the Board in the third and fourth quarters of 2020, and all of 2021 and 2022.

In a June 8, 2023 letter, the Division informed petitioner he was ineligible for the exemption from re-enrollment under L. 2021, c. 408 (Chapter 408).[1] The Division determined petitioner was a non-bona fide retiree and not entitled to retirement benefits as of July 1, 2020, because he had begun post-retirement employment with Plainfield before his retirement "became due and payable on October 3, 2020[,] and before the required 180-day break in service."

---

[1] Chapter 408 was enacted at the beginning of 2022 to address the "return to employment by a teacher . . . who provides special services during the 2021-2022 and 2022-2023 school years after retirement from the [TPAF]." L. 2021, c. 408.

On November 2, 2023, the Board filed a notice of administrative decision, stating petitioner's retirement was non-bona fide—he did not separate from employment as required under N.J.A.C. 17:3-6.2 and 17:1-17.14(a)(2)—and ordered petitioner to repay pension benefits received since July 1, 2020. Petitioner appealed to the Board in December 2023.

The Board rejected petitioner's appeal and issued its final administrative determination on March 8, 2024, stating, "[a]lthough [petitioner's] retirement date was July 1, 2020, his retirement was not approved by the Board until September 3, 2020. Therefore, his retirement did not become due and payable, or final until October 3, 2020[,] as provided in N.J.A.C. 17:3-6.2 and N.J.A.C. 17:1-7.7(b)."[2]

The Board declined petitioner's request for an administrative hearing and adjudicated the matter based on petitioner's written submission and "all documentation in the record." It noted the statutory exemption under Chapter 408 "permitted retired teachers or professional staff members who provide services to return to employment to fulfill a 'critical need of a school district' . . . without requiring re-enrollment in the TPAF—contingent upon the member

---

[2] October 3, 2020 was thirty days after the date of plaintiff's retirement application approval, which was the deadline imposed by the Board for petitioner to make any changes.

A-2116-23

having a bona fide retirement.[1]"  However, "[s]ince [petitioner] returned to part-time employment in September 2020, for the same employer, he did not terminate his employment relationship with Plainfield for a period of at least 180 days pursuant to N.J.A.C. 17:1-17.14(a)(2), and thus his retirement was non-bona fide."

II.

"Our review of administrative agency action is limited."  Russo v. Bd. of Trs., Police & Firemen's Ret. Sys., 206 N.J. 14, 27 (2011) (citing In re Herrmann, 192 N.J. 19, 27 (2007)).  "An administrative agency's final quasi-judicial decision will be sustained unless there is a clear showing that it is arbitrary, capricious, or unreasonable, or that it lacks fair support in the record."  Ibid. (quoting Herrmann, 192 N.J. at 27-28).  "Absent such a demonstration of capriciousness, an administrative agency's exercise of discretion is ordinarily sustained on appeal."  In re Martinez, 403 N.J. Super 58, 75 (App. Div. 2008) (citing Aqua Beach Condo Ass'n v. Dep't of Cmty. Aff., 186 N.J. 5, 16 (2006)).

"A strong presumption of reasonableness attaches to the actions of administrative agencies."  In re Vey, 272 N.J. Super. 199, 205 (1994).  Our review of an agency's decision is limited to considering:

> (1) whether the agency's action violates express or implied legislative policies, that is, did the agency

5

follow the law; (2) whether the record contains substantial evidence to support the findings on which the agency based its action; and (3) whether in applying the legislative policies to the facts, the agency clearly erred in reaching a conclusion that could not reasonably have been made on a showing of the relevant factors.

[In re Proposed Quest Acad. Charter Sch. of Montclair Founders Grp., 216 N.J. 370, 385-86 (2013) (quoting Mazza v. Bd. of Trs., 143 N.J. 22, 25 (1995)).]

We are required to affirm an agency's findings of fact if "supported by adequate, substantial and credible evidence." Rova Farms Resort, Inc. v. Invs. Ins. Co. of Am., 65 N.J. 474, 484 (1974). "If [an a]ppellate [court] is satisfied after its review that the evidence and the inferences to be drawn therefrom support the agency head's decision, then it must affirm even if the court feels that it would have reached a different result . . . ." Clowes v. Terminix Int'l, Inc., 109 N.J. 575, 588 (1988) (citing Goodman v. London Metals Exch., Inc., 86 N.J. 19, 29 (1964)).

We generally give deference "to the interpretation of statutory language by the agency charged with the expertise and responsibility to administer the scheme . . . 'unless the interpretation is plainly unreasonable.'" Acoli v. N.J. State Parole Bd., 224 N.J. 213, 229-30 (2016) (quoting Rally v. AAA Mid-Atl. Ins. Co. of N.J., 194 N.J. 474, 485 (2008)). "If there is any fair argument in support of the course taken [by the agency] or any reasonable ground for

difference of opinion among intelligent and conscientious officials, the decision . . . will not be disturbed . . . ." Lisowski v. Borough of Avalon, 442 N.J. Super. 304, 330 (App. Div. 2015) (first alteration in original) (emphasis omitted) (quoting City of Newark v. Nat. Res. Council in Dep't of Env't Prot., 82 N.J. 530, 539 (1980)).

"The burden of demonstrating that the agency's action was arbitrary, capricious[,] or unreasonable rests upon the [party] challenging the administrative action." In re Arenas, 385 N.J. Super. 440, 443-44 (App. Div. 2006) (citing McGowan v. N.J. State Parole Bd., 347 N.J. Super. 544, 563 (App. Div. 2002)). "[T]he test is not whether an appellate court would come to the same conclusion if the original determination was its to make, but rather whether the factfinder could reasonably so conclude upon the proofs." Brady v. Bd. of Rev., 152 N.J. 197, 210 (1997) (quoting Charatan v. Bd. of Rev., 200 N.J. Super. 74, 79 (App. Div. 1985)).

Further, when reviewing pension disputes like the dispute over retirement benefits at issue here, we recognize that "the public pension systems are bound up in the public interest and provide public employees significant rights which are deserving of conscientious protection." Zigmont v. Bd. of Trs., 91 N.J. 580, 583 (1983). "[P]ension statutes are 'remedial in character' and 'should be

liberally construed and administered in favor of the persons intended to be benefited thereby.'" Klumb v. Bd. of Educ. of Manalapan-Englishtown Reg'l High Sch. Dist., Monmouth Cty., 199 N.J. 14, 34 (2009) (quoting Geller v. Dep't of Treasury, Div. of Pensions & Annuity Fund, 53 N.J. 591, 597-98 (1969)). They must also "be liberally construed in favor of public employees . . . [because] they constitute deferred compensation earned by the employee during [their] years of service." Widdis, P.E., L.S. v. Pub. Emp. Ret. Sys., 238 N.J. Super. 70, 78 (1990). However, while "an employee is entitled to [such] liberality . . . when eligible for benefits, . . . eligibility is not to be liberally permitted." Smith v. State, Dep't of Treasury, Div. of Pensions & Benefits, 390 N.J. Super. 209, 213 (App. Div. 2007).

N.J.A.C. 17:1-17.14(a)(2) expressly provides that "bona fide severance from employment" is a "complete termination of the employee's employment relationship with the employer for a period of 180 days" and excludes "employment or reemployment in a part-time position; . . . employment or reemployment as a contract employee." Further, N.J.A.C. 17:1-7.7(b) provides:

> Members employed on a [ten]-month schedule who retire as of July 1st and return to another position within the same pension system, prior to October 1st of the same year, shall be deemed not to have a valid break-in-service for retirement purposes; thus, they are not considered to have a bona fide retirement.

Petitioner claims his severance from teaching was bona fide and he returned to work on a part-time basis under Chapter 408 because there was a teacher shortage in Plainfield. Chapter 408 permits retired teachers to be hired without re-enrollment in TPAF. He asserts the Board acted beyond the scope of its authority by finding his severance was not bona fide under N.J.A.C. 17:1-17.14(a)(2) and violated "equal protection guarantees under the New Jersey Constitution" because it did not apply the regulation in an even-handed manner. He urges us to find his retirement was bona fide, and to determine otherwise would negate the legislative intent and plain language of Chapter 408.

We reject petitioner's arguments based on the plain language of the applicable law. The Board's determination petitioner's retirement was not bona fide was not arbitrary, capricious or unreasonable. Arenas, 385 N.J. Super. at 443-44. Chapter 408 requires "[t]he former member's retirement shall have been a bona fide retirement." L. 2021, c. 408. N.J.A.C. 17:1-17.14(a)(2) defines bona fide retirement as a "complete termination of the employee's employment relationship with the employer," and excludes reemployment in a part-time position. N.J.A.C. 17:1-17.14(a)(2).

The Board determined petitioner was a non-bona fide retiree and not entitled to retirement benefits as of July 1, 2020, because he had begun post-

retirement employment with Plainfield before his retirement "became due and payable on October 3, 2020[,] and before the required 180-day break in service." There is no dispute petitioner's retirement was made effective July 1, 2020, and he subsequently accepted a part-time teaching position via an agency in the same district, prior to the effective date of his retirement. Petitioner then worked part-time and collected retirement benefits for approximately two years and later accepted full-time employment in 2023, prompting an audit of his entitlement to pension benefits, which revealed that his retirement was non-bona fide.

Accordingly, we are convinced petitioner cannot satisfy the requirements of Chapter 408 to avail himself of his retirement benefits while working part-time for Plainfield. The record contains sufficient credible evidence on the whole to support the Board's findings he must repay retirement benefits paid to him since July 1, 2020. R. 2:11-3(e)(1)(D).

Affirmed.

I hereby certify that the foregoing is
a true copy of the original on file in
my office.

M.C. Harley

Clerk of the Appellate Division

A-2116-23