**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0344-23

MARGARET MCCORMACK,

    Petitioner-Appellant,

v.

BOARD OF TRUSTEES,
PUBLIC EMPLOYEES'
RETIREMENT SYSTEM,

    Respondent-Respondent.

_____

Argued September 11, 2024 – Decided October 3, 2024

Before Judges DeAlmeida and Puglisi.

On appeal from the Board of Trustees of the Public Employees' Retirement System, Department of the Treasury, PERS No. xx2444.

Margaret McCormack, appellant, argued the cause pro se.

Yi Zhu, Deputy Attorney General, argued the cause for respondent (Matthew J. Platkin, Attorney General, attorney; Janet Greenberg Cohen, Assistant Attorney General, of counsel; Yi Zhu, on the brief).

PER CURIAM

Petitioner Margaret McCormack appeals from the August 17, 2023 final decision of the Board of Trustees (Board) of the Public Employees' Retirement System (PERS) denying her requests for an administrative hearing and to purchase service credit. For the reasons that follow, we reverse and remand to afford petitioner the opportunity for a plenary hearing before the Office of Administrative Law (OAL).

After being employed as an acting municipal clerk, petitioner was a judicial secretary for the State of New Jersey in the Essex Vicinage beginning in 2014. On May 25, 2021, the Division of Pensions and Benefits (Division) issued two estimates of service retirement benefits to petitioner, at her request. The first estimate, which contemplated a retirement date of September 1, 2021, calculated a monthly retirement benefit of $633.72 based on nine years and eight months of service credit. The second estimate, which contemplated a retirement date of October 1, 2021, calculated a monthly retirement benefit of $640.39 based on nine years and nine months of service credit. Both estimates indicated petitioner would not be entitled to life insurance because, as of those retirement dates, she lacked the requisite ten years of service credit for the benefit. Both estimates also included the following advisement:

A-0344-23

> This Estimate of Retirement Benefits was prepared based on current information available in our system and projected information by your employer. Your benefit may be recalculated in the future due to an audit based on new information received from your employer or for a discrepancy in your account.

Beginning September 9, 2021, petitioner went out on medical leave. She signed a medical leave checklist indicating she would use accrued sick and vacation time from September 9 through October 19, 2021. After that, she was on unpaid leave under the Family Leave Act (FLA), N.J.S.A. 34:11B-1 to -16. During her unpaid leave time, she elected to make premium payments to the State to continue her health and dental insurance until she retired and obtained Medicare coverage.

On November 24, 2021, petitioner submitted her application for retirement allowance with an intended retirement date of February 1, 2022. Based on that retirement date, on December 28, 2021, the Division quoted a monthly retirement benefit of $677.02 and life insurance of $9,952.12, based on ten years and one month of service credit. The quotation also contained the same above-noted advisement.

On January 19, 2022, the Division issued petitioner a congratulatory letter informing her the Board approved her application for service retirement effective February 1, 2022. The letter further advised petitioner had thirty days

after the effective date of her retirement or the date her retirement was approved by the Board, whichever was later, to make any changes to her retirement.

Relying on the updated quotation and correspondence from the Division, petitioner retired as of February 1, 2022. The payroll/benefits officer for the Essex Vicinage issued to the Division a certification of service and final salary, which verified petitioner resigned from employment on January 31, 2022 and made her last pension deduction in pay period four of 2022, which began on January 29. On February 28, 2022, the Division issued a statement confirming petitioner's retirement date, monthly benefit of $677.02 and life insurance benefit of $9,952.12.

On July 19, 2022, the Division issued a letter advising petitioner that a post-retirement audit of her account revealed her monthly retirement benefit was overstated and had been adjusted to $652.77. Days later, the Division issued another letter explaining the reasons for the recalculation. The letter stated the Essex Vicinage certification of service and final salary, upon which petitioner's benefits had been calculated, was incorrect. The certification stated her termination date was pay period three of 2022, which ended on January 28, 2022; however, her actual termination date was pay period twenty-two of 2021,[1]

---

[1] The letter incorrectly stated pay period twenty-two of 2022.

A-0344-23

which ended on October 22, 2021, because petitioner did not make any pension contributions after that date. Consequently, petitioner's total service credit decreased from ten years and one month to nine years and ten months, which resulted in a reduction of her salary and concomitant monthly retirement allowance. In addition, because petitioner had only nine years and ten months of service credit, she was not entitled to the life insurance benefit.

After months of exchanging correspondence about the recalculation, the Division sent an October 27, 2022 letter advising petitioner was ineligible to purchase any service credit because she did not submit a purchase application within thirty days of her retirement.

The Board considered and denied petitioner's subsequent request to purchase service credit, which she appealed to the Board. On August 17, 2023, the Board issued its final administrative determination, which set forth the procedural history, found no genuine issue of material fact, and denied her requests for an administrative hearing and to purchase service credit.

The Board reiterated petitioner's benefits were recalculated because the certification of service and final salary stated she had worked through pay period three of 2022, but that information was incorrect because petitioner did not earn a salary or make any pension contributions after pay period twenty-three of

5

2021. Thus, petitioner's service credit was reduced to 118 months, which also precluded her from receiving the life insurance benefit.

The Board considered petitioner's claim that she had relied on the December 28, 2021 quotation of retirement benefits, but noted the quote contained an advisement that it was based on the information then available and was subject to recalculation. The Board also referenced the two retirement estimates contemplating the earlier retirement dates of September 1 and October 1, 2021, which advised petitioner she had nine years and eight months and nine years ten and months service as of those dates, respectively. The Board found, based on that information, it would have been evident to petitioner she lacked ten years of service credit when she went out on unpaid FLA leave after October 22, 2021.

Finally, the Board found petitioner was not entitled to purchase service credit. Pursuant to N.J.A.C. 17:2-5.1(a), only active members of PERS are eligible to submit an application to purchase service credit. Because petitioner did not have an application on file at the time her retirement became due and payable, she was ineligible to do so at a later date. Petitioner appeals from the Board's final agency decision.

6

Our review of decisions by administrative agencies is limited. In re Stallworth, 208 N.J. 182, 194 (2011). An agency's determination must be sustained "unless there is a clear showing that it is arbitrary, capricious, or unreasonable, or that it lacks fair support in the record." Russo v. Bd. of Trs., Police & Firemen's Ret. Sys., 206 N.J. 14, 27 (2011) (quoting In re Herrmann, 192 N.J. 19, 27-28, (2007)). "[I]f substantial evidence supports the agency's decision, 'a court may not substitute its own judgment for the agency's even though the court might have reached a different result . . . .'" In re Carter, 191 N.J. 474, 483 (2007) (quoting Greenwood v. State Police Training Ctr., 127 N.J. 500, 513 (1992)).

While we are not bound by an agency's interpretation of legal issues, which we review de novo, Russo, 206 N.J. at 27, "[w]e must give great deference to an agency's interpretation and implementation of its rules enforcing the statutes for which it is responsible." Piatt v. Police & Firemen's Ret. Sys., 443 N.J. Super. 80, 99 (App. Div. 2015) (quoting St. Peter's Univ. Hosp. v. Lacy, 185 N.J. 1, 13 (2005)). "Such deference has been specifically extended to state agencies that administer pension statutes." Ibid.

Petitioner urges us to reverse the Board's decision on several grounds. First, she notes she relied on a third-party's representation to the Board, the

7

incorrect certification of service and final salary, to her detriment. Because her contemplation of retirement occurred during the COVID-19 pandemic, she did not have immediate access to the human resources staff in the Essex Vicinage. When she inquired about her length of service and pension eligibility, she was advised the Division's system was updated quarterly and therefore did not contain up-to-date information. Although she knew she lacked ten years of service as of September 1 and October 1, 2021, she believed she remained in active service status by making insurance payments while out on FLA; and because the Division's information was only updated quarterly, she did not have the ability to timely track her service credit.

Petitioner argues she also relied in good faith on the Division's December 28, 2021 calculation and the congratulatory letter upon her retirement, both of which indicated she had more than ten years of service credit. Finally, she argues that the fiscal health of the pension system would not be impacted if she were permitted to purchase two months of service credit, because she was eligible to do so at the time of her retirement.

The Division argues petitioner should have known that during her unpaid FLA status she did not accrue service credit, and points to the notices in the calculations advising petitioner the figures were subject to recalculation. We

8

are unpersuaded that petitioner, upon receiving the December 2021 correspondence, was required to take additional steps to question the Division's calculation.

In addition, petitioner took action in reliance on the Vicinage's misrepresentations, to her detriment. She was advised of the error, which was not her own, months after the deadline for her to purchase service credit had passed. We have no reason to doubt petitioner's representations that, had she known of the shortfall, she would have purchased the two months credit in order to obtain the higher monthly pension benefit and, more importantly, the almost $10,000 life insurance benefit.

We recognize the Board's "fiduciary duty to its members to protect the financial integrity of the fund." Francois v. Bd. of Trs., Pub. Emps.' Ret. Sys., 415 N.J. Super. 335, 357 (App. Div. 2010) (citing Mount v. Trs. of Pub. Emps.' Ret. Sys., 133 N.J. Super. 72, 86 (App. Div. 1975)). However, the time proscriptions contained in N.J.A.C. 17:2-5.1 are not embodied in statute. The Board, in its discretion, could have relaxed the time bar and permitted petitioner to purchase service credit after her retirement. See Handelson v. Bd. of Trs., Pub. Emps.' Ret. Sys., 193 N.J. Super. 223, 226-27 (App. Div. 1984).

We are persuaded petitioner's arguments merit a hearing before the OAL. At that hearing, the administrative law judge may consider testimony and evidence from both parties to determine whether the equities here should permit petitioner to purchase prior service credit. We take no position on the outcome of that matter.

Reversed and remanded. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0344-23